# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 24, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * <br> TINA D'ERRICO *and* PAUL D'ERRICO <br> *on behalf of R.D., a minor child,* <br>               Petitioners, <br> v. <br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br>               Respondent. <br> * * * * * * * * * * * * * * | * <br> * <br> * <br> * <br> *   No. 19-81V <br> * <br> *   Special Master Young <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

*Diana Lynn Stadelnikas*, Mctlaw, Sarasota, FL, for Petitioners.
*Madelyn Weeks*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 16, 2019, Tina D'Errico and Paul D'Errico ("Petitioners") filed a petition on behalf of R.D., a minor child, for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2018). Petitioners alleged that the measles-mumps-rubella ("MMR") and varicella vaccines R.D. received on June 2, 2017, caused R.D. to suffer from acute demyelinating encephalomyelitis ("ADEM"). Pet., ECF No. 1.

On June 23, 2025, the parties filed a stipulation (attached as Appendix A)[3] in which they state that a decision should be entered awarding compensation to Petitioners. Stipulation ¶ 7, ECF No. 56. Respondent "denies that the vaccines caused-in-fact R.D.'s alleged injuries, any other injury, or her current condition." *Id.* ¶ 6. Nevertheless, the parties agree to the joint stipulation. *See id.* ¶ 7. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

[3] The attached stipulation omits the AssureSign Document Completion Report to avoid unnecessary disclosure of Petitioners' personal information.

The parties stipulate that Petitioners shall receive the following compensation:

> **(a) An amount of $95,000.00 to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

*Id.* ¶ 8. These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve the requested amount for Petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/Herbrina D.S. Young
Herbrina D.S. Young
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TINA and PAUL D'ERRICO, on behalf of R.D., a minor child,<br><br>           Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>           Respondent. | No. 19-81V<br>Special Master Young<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Tina and Paul D'Errico ("petitioners"), on behalf of R.D., a minor child, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to R.D.'s receipt of the measles-mumps-rubella ("MMR") and varicella vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. R.D. received the vaccines on June 2, 2017.

3. The vaccinations were administered within the United States.

4. Petitioners allege that R.D. suffered from acute demyelinating encephalomyelitis ("ADEM") as a result of her receipt of the vaccines. Petitioners also allege that R.D. experienced the residual effects of this condition for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on R.D.'s behalf as a result of R.D.'s alleged injuries.

6. Respondent denies that the vaccines caused-in-fact R.D.'s alleged injuries, any other injury, or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

   a. An amount of $95,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of R.D., pursuant to which the Life Insurance

2

Company will agree to make certain lump sum payments to R.D. for all damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a. A certain Lump Sum of $68,422.11 payable on March 13, 2034.

    b. A certain Lump Sum of $68,694.23 payable on April 13, 2034.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $95,000.00. In the event that the cost of the annuity set forth above varies from $95,000.00, the certain lump sum payable on April 13, 2034, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $95,000.00. The certain lump sum payments provided herein shall be made to R.D. as set forth above. Should R.D. predecease payment of any of the certain lump sum payments set forth above, said payments shall be made to her estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of R.D.'s death.

    11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

    12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are

subject to execution or any legal process for any obligation in any manner. Petitioners and petitioners' heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of R.D. as contemplated by a strict

construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

17. Petitioners represent that they presently are, or if necessary will become, duly authorized to serve as guardians of R.D.'s estate under the laws of the State of New York.

18. In return for the payments described in paragraphs 8 and 13, petitioners, in their individual capacities and as legal representatives of R.D., on behalf of themselves, R.D., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of R.D. resulting from, or alleged to have resulted from, the vaccinations administered on June 2, 2017, as alleged in a petition for vaccine compensation filed on or about January 16, 2019, in the United States Court of Federal Claims as petition No. 19-81V.

19. If R.D. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

20. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

21. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

22. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

23. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused-in-fact R.D.'s alleged injury, or any other injury or R.D.'s current condition, or that R.D. suffered an injury contained in the Vaccine Injury Table.

24. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

_____
TINA D'ERRICO

**PETITIONER:**

_____
PAUL D'ERRICO

**ATTORNEY OF RECORD FOR PETITIONER:**

_____
DIANA STADELNIKAS, ESQ.
Maglio Christopher & Toale
1515 Ringling Blvd.
Suite 700
Sarasota, FL 34236
Email: dstadelnikas@mctlaw.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2025.06.03 09:05:49 -04'00'   for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and
  Services Administration
U.S. Department of Health and
  Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD  20857

**AUTHORIED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____
HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station.com
Washington, DC  20044-0146

**ATTONEY OF RECORD FOR RESPONDENT:**

_____
MADELYN E. WEEKS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 451-7312
Email: Madelyn.e.weeks@usdoj.gov

Dated: 6/23/2025

7