CORRECTED

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed:  May 21, 2026

```
* * * * * * * * * * * * * *    *
TINA D'ERRICO and PAUL D'ERRICO   *
on behalf of R.D., a minor child,   *
                                    *
            Petitioners,            *      No. 19-81V
                                    *
v.                                  *      Special Master Young
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
* * * * * * * * * * * * * *    *
```

*Diana Lynn Stadelnikas*, Mctlaw, Sarasota, FL, for Petitioner.
*Madelyn Weeks*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 16, 2019, Tina D'Errico and Paul D'Errico ("Petitioners") filed a petition on behalf of R.D., a minor child, for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2018) (the "Vaccine Act" or "Program"). Petitioners alleged that the measles-mumps-rubella ("MMR") and varicella vaccines R.D. received on June 2, 2017, caused R.D. to suffer from acute demyelinating encephalomyelitis ("ADEM"). Pet., ECF No. 1. On June 23, 2025, the parties filed a joint stipulation, which I adopted as my decision awarding compensation on June 24, 2025. ECF No. 69.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On August 5, 2025, Petitioners filed a motion for attorneys' fees and costs. Pet'r's Mot. for AFC, ECF No. 74. Petitioners request total attorneys' fees and costs in the amount of $232,363.19, representing $182,717.90 in attorneys' fees and $49,645.29 in attorneys' costs. Pet'r's Mot. for AFC at 1-2. [3] Pursuant to General Order No. 9, Petitioners represent that they did not personally incur any costs related to the prosecution of their petition. Ex. 126. Respondent responded to the motion on August 13, 2025, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 4. (ECF No. 75). Respondent also noted that Petitioners did not submit an invoice for their expert, Dr. Ahmed. *Id.* at 1, n.1. On August 18, 2025, Petitioners filed a reply to Respondent's response, as well as Ahmed's invoice. *See* Pet'r's Reply; Ex. 129. This matter is now ripe for consideration.

## I.        Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioners were awarded compensation pursuant to a stipulation, they are entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

---

[3] Petitioners' motion states that the total requested amount is $229,363.19. This appears to be a typographical error. The correct sum of the attorneys' fees ($182,717.90) and attorneys' costs ($49,645.29) requested is $232,363.19. *See* Pet'r's Mot. for AFC at 1-2.

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.    Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[4]

Petitioners request the following hourly rates for the work of their counsel: for Ms. Diane Stadelnikas, $415.00 per hour for work performed in 2019, $440.00 per hour for work performed in 2020, $470.00 per hour for work performed in 2021, $490.00 per hour for work performed in 2022, $525.00 per hour for work performed in 2023, and $560.00 per hour for work performed in 2024, and $605.00 per hour for work performed in 2025; for Mr. Altom Maglio, $362.00 per hour for work performed in 2017, and $381.00 per hour for work performed in 2018; and for Ms. Danielle Strait, $520.00 per hour for work performed in 2025. *See* Ex. 124. Petitioners also request between $145.00-$205.00 per hour for paralegal work performed from 2017-2025. *See id*. The rates requested are consistent with what Ms. Stadelnikas and paralegals have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein.

### B.    Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $182,717.90.

### C.    Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

---

[4] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Petitioners request a total of $49,645.29 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, medical literature, legal research, and work performed by the following experts: Michael D. Katz, M.D. for 12 hours at $400.00 per hour totaling $4,800.00; John Gaitanis, M.D. for 29.5 hours at $500.00 per hour totaling $14,750.00; and S. Sohail Ahmed, M.D. for 50.48 hours $550.00 per hour, totaling $27,764.00. *See* Exs, 125, 129. Petitioners have provided adequate documentation supporting these costs and is therefore awarded the full amount sought.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioners' request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $182,717.90 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$182,717.90** |
| | |
| Attorneys' Costs Requested | $49,645.29 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$49,645.29** |
| | |
| **Total Attorneys' Fees and Costs** | **$232,363.19** |

**Accordingly, a lump sum in the amount of $232,363.19, representing reimbursement for Petitioners attorneys' fees and costs, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.